UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHELLY WHITAKER,  No. 08-11218

                      Debtor(s).
_____/

Memorandum After Confirmation Hearing
_____

      Debtor Shelly Whitaker filed her Chapter 13 petition on June 21, 2008, scheduling her real property at 3524 Twin Oaks Way in Napa as being worth $520,500.00. Within a few days, an essentially identical property on the same block sold for $519,000.00, giving the court a sound basis for the value of the property on the day the bankruptcy petition was filed.

      Whitaker scheduled three deeds of trust encumbering the property: a first held by Wachovia for $439,359.00; a second held by Main Street Trust for $101,000.00; and a third held by Delores Gamba for $12,364.87.

      Chapter 13 debtors are barred from writing down deeds of trust on personal residences to the value of the property. *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993). However, if the value of the property is low enough that there is no value at all securing the deed of trust, then it may be stripped off. *In re Zimmer,* 313 F.3d 1220 (9th Cir. 2002).

      Whitaker first moved to strip off the third deed of trust as being clearly unsupported by any value in the property. However, when her appraisal done to support this motion came back at $440,000.00, she amended her schedules to reflect this value and now seeks to strip off the second held by Main Street Trust as well. Main Street Trust opposes Whitaker's motion to strip off its lien and confirmation of Whitaker's plan providing for the same thing.

1

In determining the value of the property, the court has the benefit of three sound a professional appraisals.[1]  From these and the debtor's admissions,[2] the court finds that the property was worth $520,000.00 on the date of the bankruptcy filing and has been depreciating at a rate of 1.5% per month since then, making the property worth about $475,000.00 today.  This figure is reasonably supported by recent sales.  Since the value of the property has at no time dipped below the amount owed on the first, the objections of Main Street Trust must be sustained.  The motion to strip its lien will accordingly be denied and confirmation of the plan will also be denied.

Since the value of the property has never dipped below the amount owed to the first, there is no need for the court to decide if the appropriate valuation date is the petition date or the confirmation date.  However, Whitaker makes a good argument for the latter.  Accordingly, denial of confirmation will be without prejudice to consideration of an amended plan if real estate values continue to fall.

Counsel for Main Street Trust shall submit appropriate forms of order denying the motion to strip its lien and denying confirmation, both without prejudice.

Dated: December 16, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court is less than convinced by the Alexander appraisal, which appears to be motivated by wishful thinking.  The Eschoo and Grega appraisals are more realistic, and are pretty much in harmony even though submitted by opposing parties.

[2] Amendment of schedules does not erase prior admissions in schedules; it merely makes them evidence which the court may consider rather than binding judicial admissions.  *White v. Arco/Polymers, Inc.,* 720 F.2d 1391, 1396n5 (5th Cir. 1983).

Case: 08-11218    Doc# 49    Filed: 12/16/08    Entered: 12/17/08 08:00:43    Page 3 of 3